**NOT RECOMMENDED FOR PUBLICATION**
File Name: 07a0089n.06
Filed: February 5, 2007

No. 05-6565

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee** | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| CHARLES E. WADE, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| **Defendant-Appellant** | ) | |
| | ) | |
| | ) | |

**BEFORE:** BOGGS, Chief Judge; MERRITT and MOORE, Circuit Judges

**MERRITT, Circuit Judge.** In this direct criminal appeal from an advisory guideline sentence of 168 months imprisonment, the defendant pled guilty under a plea agreement to a conspiracy to manufacture methamphetamine. He raises two issues: (1) The District Court erred in its conclusion, based on a DEA drug conversion formula, that the conspiracy agreement contemplated at least 409.14 grams of meth by converting 3 gallons of tincture of iodine that the defendant possessed for use in the meth manufacturing process into the final product. (2) The District Court failed to justify the reasonableness of the sentence in light of the defendant's mental health problems. We find no error in the conclusions of the District Court and hence affirm the judgment.

**The Iodine Drug Conversion Formula**

The amount of meth to be manufactured in a conspiracy is highly relevant to the sentence; and, in the absence of other evidence, it may be estimated, as U.S.S.G. § 2D1.1, comment (n.12) (2004) makes clear; and the sentencing judge must often choose "between a number of plausible estimates of drug quantity," *U.S. v. Treadway*, 328 F.3d 878, 885 (6th Cir.), *cert. denied*, 540 U.S. 860 (2003); a finding to be reviewed on appeal under a "clear error" standard, *id.* at 883. Without suggesting an alternative conversion formula, or pointing to any case law rejecting an iodine conversion formula, the defendant simply argues that the government must show, and the sentencing court must find, that the defendant "had enough precursor chemicals and could convert all of the three gallons of iodine found on August 11, 2004, to methamphetamine." (Def. Brief at 15.) The defendant specifically accepted the DEA 50% iodine conversion ratio by expressly waiving the need to have the DEA expert testify, but rather simply contended that the formula could not be used in the absence of proof that the other chemical elements were not only available for purchase but on hand.

This argument is contrary to our recent meth case, *U.S. v. Thompson*, 86 Fed. App. 144 (2004) (a copy of which is appended to the government's brief) in which we set out in detail the manufacturing process of mixing iodine with hydrogen peroxide to produce crystal iodine. In that case we accepted as reasonable a method of estimating quantity using the 50% formula followed by the sentencing judge in the instant case. The defendant has conceded the validity of the formula. The defendant's argument that all of the other ingredients for manufacturing meth must be on hand in order to use the formula is without merit. A conspiracy agreement contemplates future criminal conduct and requires one or more overt acts. The defendant possessed iodine for the purpose of

carrying out the conspiracy, and it was not error for the District Court to use the conversion formula to estimate the scope of the conspiracy. The defendant argues that because the iodine is not incorporated into the final drug, but is only a catalyst, it should not be considered for sentencing purposes. However, iodine is an absolutely necessary part of the manufacturing process, in the ratio specified above. It is therefore appropriate to take its purchase and possession into account as an overt act in the conspiracy.

**The Reasonableness of the Sentence of 168 Months**

The sentencing judge imposed a guideline sentence at the very bottom of the range for offense level 35, criminal history category 1, after giving the defendant a 3 level downward adjustment for acceptance of responsibility. The defendant does not object to the calculation of the offense level, but rather argues that the court should have reduced the sentence because of defendant's mental illnesses and substance abuse. It is clear from the record that the court was sympathetic toward the defendant's mental and physical state and strongly suggested that the Bureau of Prisons should place him in a facility in which he can receive treatment. The court discussed, and took seriously, its obligation to provide a sentence "not greater than necessary" taking into account the guideline range. In light of the size of the defendant's meth business involving multiple labs, the highly destructive nature of the drug, the necessity to incapacitate by incarceration meth manufacturers and deter others, we cannot say that the sentence was unreasonable and should be set aside. The sentencing court expressly gave the defendant the opportunity to object to the sentence after announcing it, and the defendant did not object on reasonableness grounds but rather stated "no

objection."  The court properly considered the case, and we have found no clear basis, and we are

offered none by the defendant, for holding that the sentence fails the "reasonableness" test.

Accordingly, the judgment of the District Court is affirmed.